## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JAMES HILDRED PROCTOR, JR.,
#EN8285,

                Plaintiff,

      v.

MONROE COUNTY, et al.,

                Defendants.

CIVIL ACTION NO. 3:24-CV-00243

(MEHALCHICK, J.)

## ORDER

Presently before the Court is the Report and Recommendation of Magistrate Judge Saporito ("the Report") (Doc. 33), recommending the Court dismiss Plaintiff James Hildred Proctor Jr.'s ("Plaintiff") *pro se* complaint as vague and unintelligible, pursuant to Rule 8 of the Federal Rules of Civil Procedure, and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). Plaintiff has filed three documents, incorrectly docketed as Opinions/Memorandums of Law, which this Court will recognize as timely filed objections consistent with the Supreme Court's rule to liberally construe *pro se* pleadings. (Doc. 34; Doc. 35; Doc. 37); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed') (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Based on the Court's review of these filing along with the Report, Plaintiff's objections are **OVERRULED** and the Report will be **ADOPTED IN ITS ENTIRETY**.

## I.  LEGAL STANDARD

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v.*

*Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

## II. DISCUSSION

Since the Report correctly states the procedural and factual background of this case, it will not be repeated in its entirety here. (Doc. 33). However, the necessary background for the purpose of the instant Order is as follows. James Hildred Proctor, Jr. ("Plaintiff") initiated this *pro se* action by filing a complaint on December 6, 2023. (Doc. 1). The complaint alleges, in a vague and conclusory fashion without support by factual allegations, that Plaintiff was falsely imprisoned due to a "fake murder trial" and that the individual he was accused of murdering, his daughter, had not actually died but is alive with "her real mother." (Doc. 1, at 6). Plaintiff's objections repeat these conclusions, again without factual support. (Doc. 37, at 1-6). In his objections Plaintiff further argues, without factual support and in a vague and

unintelligible manner, that he has been victim to "hate crimes" by unnamed prison guards because "hating someone because they don't rape babies and children is [] a hate crime." (Doc. 35, at 1). Plaintiff further avers, again in a vague fashion without factual support, that lawyers involved in his case are not licensed lawyers and the prosecutors and judge involved in his case engaged in misconduct. (Doc. 34, at 3). The rest of Plaintiff's objections are similarly unintelligible and baseless. (Doc. 34, at 1-6; Doc. 35, at 1-6; Doc. 37, at 1-6).

After reviewing the relevant filings, the Court finds no error in Judge Saporito's conclusion that Plaintiff's complaint should be dismissed. (Doc. 33, at 5). The Court finds Judge Saporito's analysis to be well-reasoned and supported by the applicable law. (Doc. 33). Courts in this Circuit have held that even though *pro se* pleadings must be liberally construed, "courts should not assume the role of advocate and dismissal is proper where claims are supported only by vague and conclusory allegations." *Coley v. Beard*, No. CIVA 3:05CV2290, 2006 WL 1670253, at *5 (M.D. Pa. June 13, 2006). Courts overrule objections when they lack legal foundation and are "more commentary than recognizable substantive objection." *Coley*, 2006 WL 1670253, at *4 (overruling *pro se* objections that are vague and unintelligible and stating "[p]laintiff's filings are more in the nature of a fishing expedition where he would have the [c]ourt accept as factual allegations what are more accurately characterized as bald assertions or legal conclusions and assume the role of advocate in fashioning a legal theory for him."); *see also Booker v. Shannon*, No. CIV.A. 00-CV-2055, 2003 WL 22872039 (E.D. Pa. Dec. 2, 2003) (overruling objections where they are "vague" and without facts to establish legitimacy of legal conclusions). Further, in an Order dated April 15, 2024, Judge Saporito previously noted deficiencies with Plaintiff's complaint and ordered him to file an amended

3

complaint curing those deficiencies within 30 days. (Doc. 22). A review of the docket reveals that Plaintiff failed to do so. Accordingly, considering also *supra*, Judge Saporito recommends this Court dismiss the complaint as vague and unintelligible and for failure to state a claim. (Doc. 33, at 5). This Court agrees with this recommendation.

## III. LEAVE TO AMEND

The Court again finds no clear error in the Report recommending that leave to amend be denied. Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp*, 293 F.3d 103, 108 (3d Cir. 2002). Granting leave to amend would be futile here because the deadline for filing an amended complaint pursuant to Judge Saporito's April 15th Order has passed. (Doc. 22). The Order described the factual deficiencies in Plaintiff's Complaint, and Plaintiff both failed to file a curative amended complaint and simply repeated those factual deficiencies in his objections. As such, the Court finds that granting leave to amend here would be futile. (Doc. 22).

## IV. CONCLUSION

The Court agrees with the Report's sound reasoning and discerns no error of law. Accordingly, **IT IS HEREBY ORDERED THAT t**he Report (Doc. 33) is **ADOPTED IN ITS ENTIRETY** as the opinion of the Court. As Plaintiff is denied leave to amend, the Clerk of Court is directed to **CLOSE** this case.

Dated: July 15, 2024                          *s/ Karoline Mehalchick*
                                              **KAROLINE MEHALCHICK**
                                              **United States District Judge**